IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
JUL 1 5 2013
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

JAMES GOODIN                                                                                           PLAINTIFF

v.                                        Civil No. 13-6079 RTD-BAB

ENTERGY ARKANSAS, INC.;
TOM MOPPIN, Corporate Security for
Entergy Arkansas; GREG ASBELL, manager
of customer services for Entergy Regional;
and EAI                                                                                                DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff has submitted this *pro se* action alleging Defendants failed to properly warn of, or barricade, a high voltage wire. Plaintiff has also submitted an application to proceed *in forma pauperis* (IFP). **The Clerk is directed to file the complaint and IFP application.**

Under the provisions of the IFP statute, the Court is obligated to screen any complaint in which the Plaintiff seeks to proceed IFP. 28 U.S.C. § 1915(e)(2). The Court is to dismiss the case if it determines that the case is: frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a Defendant who is immune from such relief. *Id.*

### Background

According to the allegations of the complaint, Plaintiff was "electr[o]cuted" on November 22, 2012. Plaintiff alleges this occurred because of a half open junction box that had no warning signs or barriers around it.

Plaintiff maintains the Defendants were negligent in a number of ways including not having warning notices or safety barriers around the high voltage junction box. Plaintiff states he suffered

severe burns to his face and hands. As relief, he seeks to have the criminal charges against him dropped, his medical bills paid, and damages for his pain and suffering.

Plaintiff references another case he has pending in this Court, *Goodin v. Hot Springs Police Department, et al.,* Civil No. 13-6050. In that case, Plaintiff alleges, among other things, that he was slandered by the "news saying that I said that I was trying to steal copper from an electrical box."

### Discussion

While Plaintiff would qualify from a financial standpoint for IFP status, the Court does not have jurisdiction over the claims asserted. Federal courts are courts of limited jurisdiction. *See e.g., Godfrey v. Pulitzer Publishing Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; in other words, those cases involving violations of federal constitutional or statutory law. *See e.g., Southwestern Bell Telephone Co. v. Connect Communications Corp.*, 225 F.3d 942, 945 (8th Cir. 2000). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83 (1998)(quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382) (alteration in original)).

First, to the extent Plaintiff is attempting to assert a civil rights claim against Defendants, the claim fails. Defendants are private parties who are not subject to suit under 42 U.S.C. § 1983. Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that each

defendant acted under color of state law and that he or she violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). Defendants did not act under color of law when conducting their business.

Second, no other basis of federal jurisdiction exists. Diversity jurisdiction turns on two issues, is there complete diversity of citizenship between the parties, and does the amount in controversy exceed $75,000." *Northport Health Services of Arkansas, LLC v. Rutherford*, 605 F.3d 483, 486 (8th Cir. 2010). Plaintiff is detained in the Garland County Detention Center and he indicates Entergy Arkansas, Inc., and Tom Moppin are in Arkansas. Diversity of citizenship does not exist.

### Conclusion

For the reasons stated, I recommend that the motion to proceed IFP be denied and the case dismissed.

**Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this **12** day of July 2013.

/s/ Marschewski
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)